GEORGE R. SMITH *vs.* BAY STATE DREDGING & CONTRACTING CO.

Suffolk.    May 16, 1930. — July 1, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Negligence,* In dredging, Pollution of public waters.    *Nuisance.*

An owner of lobsters could maintain an action of tort against a dredging company where it appeared that the plaintiff rightfully kept the lobsters in lobster cars visibly floating in the water near a wharf; that the defendant knew there were lobsters in the cars; that the wharf was used as a place for the disposal of garbage, which was dumped therefrom into scows; that garbage dropping from the scows into the water had accumulated under the wharf to such an extent that the scows could not reach the wharf; that while the defendant, an independent contractor, was engaged in dredging under the wharf to remove such accumulation, the refuse polluted a large area of the surrounding water and poisoned the lobsters; that the defendant knew that such a result would come of its work; that the pollution of the water was not necessary, since the dredging could have been done in such a way as to avoid it; and that the defendant gave no notice to the plaintiff of the contamination of the water: a finding would be warranted that the defendant had created a nuisance and was guilty of negligence.

TORT.    Writ dated September 28, 1926.

The action was tried in the Superior Court before *Walsh,* J.    Material portions of the opening to the jury by the plaintiff's counsel are stated in the opinion.    The judge ordered a verdict for the defendant at the close of such opening.    The plaintiff alleged an exception.

*J. D. Crook,* for the plaintiff, submitted a brief.

*H. R. Donaghue,* for the defendant.

CARROLL, J.    This is an action of tort for damages to the plaintiff's lobsters stored in lobster cars floating at his wharf in Boston, caused by the defendant's scraping of refuse matter under an adjacent wharf.    At the close of the plaintiff's opening, by direction of the judge the jury returned a verdict for the defendant.

In the opening the plaintiff stated that Fort Hill Wharf was a station for the disposal of garbage and ashes; that garbage is dumped from the wharf into scows; that some of the refuse matter drops from the scows into the bottom of the harbor and the accumulation of matter under the wharf became so large that the scows could not reach the hole or hopper into which the refuse was to be dumped; that the defendant, on July 17, 1926, was engaged in dredging under the Fort Hill Wharf; that in doing this work the surrounding water was polluted and by reason of this pollution the plaintiff's lobsters were weakened and some of them killed; that the plaintiff's lobster cars were in plain sight, riding above the water for about eight inches, and the defendant knew there were lobsters in the cars; that the refuse matter when removed poisoned the surrounding water over a large area; that the "water was black and smelly"; that the defendant "had done this work before" and knew "what would be the result of the doing of that work," and could have done the dredging in such a way as to have avoided the pollution of the water, and could have prevented damage to the plaintiff's property; that it was not necessary to pollute the water; and that no notice was given the plaintiff of the contamination of the water.

On the opening the plaintiff stated a case for the jury's consideration. The defendant could have done the dredging without injury to the plaintiff. It failed to adopt a proper method, and continued the work without notice to the plaintiff. There was nothing to show that the defendant's work was done under a legal right. Apparently it was an independent contractor; in doing this work it could not create a nuisance and was liable for its negligence. *Haley* v. *Boston*, 191 Mass. 291, relied on by the defendant, is not in conflict.

In our opinion it sufficiently appeared from the plaintiff's opening that the defendant unnecessarily polluted the water. This, if proved, would show that the defendant was negligent; also, that in failing to adopt other and safer methods, the defendant was careless. The plaintiff's

care was for the jury to decide. The specifications filed by the plaintiff showed that he had the right to maintain lobster cars at this place in Fort Point Channel.

*Exceptions sustained.*